IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BURKE INSURANCE GROUP, INC.,

    Plaintiff,

v.                                                                 Civil No. 03-1249

ROBERT J. SHUYA,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO REMAND AND
REMANDING CASE TO THE STATE COURT**

THIS MATTER comes before the Court pursuant to Plaintiff's Motion to Remand [Docket No. 5]. Having reviewed the submissions of the parties[1] and the applicable law, I find the motion is well taken and will be granted.

**BACKGROUND**

Plaintiff filed a Complaint in the Third Judicial District Court, County of Doña Ana, State of New Mexico on September 26, 2003. Plaintiff's Complaint does not allege a specific amount of damages. Defendant filed a Notice of Removal in this Court on October 29, 2003. Defendant alleges that this Court would have original jurisdiction over the subject matter of this action on the basis of diversity pursuant to 28 U.S.C. § 1332. Defendant asserts that the parties are diverse. Defendant states in the Notice of Removal that "Plaintiff has asserted the amount in controversy

---

[1]Plaintiff's motion was filed November 25, 2003. A Response to the motion was due no later than December 12, 2003. As of the date of this Order, Defendant has not filed a Response. Additionally, the Court finds that its lack of jurisdiction over this case is clear, and a Response could not create subject matter jurisdiction in this Court.

in the matter of Burke Insurance Group, Inc. v. Robert J. Shuya exceeds the sum of $75,000." See Notice of Removal ¶ 6a.

**DISCUSSION**

An action is removable if the district court of the United States would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). In this case, Defendant alleges this Court has original jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff does not dispute that the parties are diverse. Plaintiff only disputes that the amount in controversy exceeds $75,000.

In a case alleging the subject matter jurisdiction of the Court on the basis of diversity of citizenship, a federal court lacks "judicial power" to hear the case if a plaintiff is not entitled to recover at least $75,000. Laughlin v. Kmart Corp., 50 F.3d 871, 874 (10th Cir. 1995). It is the obligation of the removing party to establish the subject matter jurisdiction of this Court. Huffman v Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 (10th Cir. 1999); United States v Bluewater-Toltec Irrigation Dist., 580 F.Supp. 1434, 1440 (D.N.M. 1984). There is a presumption against removal jurisdiction. Laughlin, 50 F.3d at 873. Both the requisite amount in controversy and the existence of diversity must be affirmatively established by a preponderance of the evidence on the face of either the complaint or the removal notice for purposes of diversity jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Laughlin, 50 F.3d at 873. When the allegations in the complaint are not dispositive with regard to the amount in controversy, the burden is on the removing party to set forth in the notice of removal the underlying facts supporting the requisite jurisdictional amount. Laughlin, 50 F.3d at 873. Facts purporting to support jurisdiction set forth in a brief after a motion to remand has been filed

do not establish the existence of jurisdiction at the time of removal.  Id.; see also Martin, 251 F.3d at 1291 n. 4.

The Court first looks to the face of the Complaint filed by Plaintiff in state court to determine if the amount in controversy requirement is established by a preponderance of the evidence.  Plaintiff's Complaint makes no allegations with regard to an amount in controversy.  Moreover, it is not clear by a preponderance of the evidence from the face of the Complaint that the amount in controversy in this case exceeds $75,000.

The Court turns next to the Notice of Removal to determine if the amount in controversy requirement is affirmatively established.  The statement in the Notice of Removal with regard to the amount in controversy is a conclusory assertion that the amount in controversy requirement is met.  This statement falls short of setting forth underlying facts supporting the requisite jurisdictional amount.  Defendant has failed to meet its burden of establishing jurisdiction by a preponderance of the evidence on the face of the complaint or the notice of removal.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Docket No. 5] is hereby GRANTED and this matter is hereby REMANDED to the Third Judicial District Court, County of Doña Ana, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE